In re Harry G. BYRD, Jr., SS# 286–16–8043 Debtor.

Norman L. SLUTSKY, Trustee, Plaintiff,

v.

Lois PATTERSON, Aero Marine Fuel Sales, Inc., Aero Marine, Inc., Home State Savings Bank, Defendants.

Adversary No. 1–84–0225.
Related Case No. 1–83–03120.

United States Bankruptcy Court, S.D. Ohio, W.D.

July 2, 1985.

See also Bkrtcy. 51 B.R. 649.

 

Stuart C. Brinn, Cincinnati, Ohio, for trustee.

Harold Wagner, Cincinnati, Ohio, for defendants.

Norman L. Slutsky, Cincinnati, Ohio, interim trustee/plaintiff.

Thomas F. Waldron, Cincinnati, Ohio, for debtor/defendant.

### DECISION AND ORDER ON MOTION TO DETERMINE WHETHER A CONFLICT OF INTEREST EXISTS

BURTON PERLMAN, Bankruptcy Judge.

Stuart Brinn, Esq., attorney for the trustee in bankruptcy of debtor Harry G. Byrd, Jr. requests a determination as to whether a conflict of interest exists by reason of that representation in view of the following facts.

Brinn was employed as special counsel by the trustee "for purposes of setting aside transfers of stock, real estate and personal property." Pursuant to that appointment, Brinn filed two adversary cases. One case is the instant one in which Aero Marine, Inc. and Aero Marine Fuel Sales, Inc. are defendants. The other case is Adversary No. 1–84–0224 in which there is a single defendant, and that defendant is an individual. The present motion arises only in the former adversary proceeding. Brinn perceives a possible problem because his firm is collecting accounts on behalf of the Central Trust Company, N.A. against Aero Marine, Inc. and Aero Marine Fuel Sales, Inc., defendants herein. Brinn sees the fact that his firm "would be representing two different parties against the same defendants," as that problem.

In the instant case, the real defendant is Lois Patterson, and the gravamen of the complaint is that debtor made a voidable transfer of stock of Aero Marine, Inc. and Aero Marine Fuel Sales, Inc. to Ms. Patterson. The two corporations are included as defendants only so that they might be ordered to correct their corporate records in the event that plaintiff is successful in obtaining a retransfer of stock from Ms. Patterson. It seems to us that representation as special counsel in this case under the circumstances mentioned does not conflict with representation against the same parties on behalf of a party seeking to collect an account from them.

Providing that the Central Trust Company, N.A. and the Trustee are informed of both representations and do not object, we perceive no conflict of interest between continued representation of such parties by Brinn and/or his law firm.

SO ORDERED.